IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| GISHAN BOGOLLAGAMA | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| EQUIFAX INFORMATION SERVICES, LLC | : | NO. 09-1201 |

**MEMORANDUM**

**Padova, J.**                                                                   **November 30, 2009**

Plaintiff Gishan Bogollagama has brought this action against Equifax Information Services, LLC ("Equifax") for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, *et seq.*, and state law. Equifax has filed a Motion to Transfer Venue, asking that we transfer this case to the United States District Court for the Northern District of Georgia. For the reasons that follow, the Motion is granted.

**I.**     **BACKGROUND**

Plaintiff, who lives in Rancho Cordova, California (Compl. ¶ 4), has brought this action for violations of the FCRA based upon the following allegations. Equifax has reported derogatory and inaccurate statements and information related to Plaintiff and his credit history to third parties through the issuance of false and inaccurate credit information and consumer credit reports. (Id. ¶¶ 6, 9.) As a result of Equifax's dissemination of this inaccurate information, Plaintiff has been denied loans and extensions of consumer credit on many different occasions, precluded from receiving credit offers, and prevented from receiving the most favorable financing terms in connection with credit offers that were made to him. (Id. ¶¶ 10-11.) Plaintiff claims that, as a result of Equifax's conduct, he has suffered serious financial and pecuniary harm related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and or elevated interest rates and finance

charges, as well as out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and related costs. (Id. ¶ 12.) Plaintiff has also suffered physical, emotional, and mental pain and anguish, damage to his credit rating and reputation, and a decreased credit score. (Id. ¶¶ 13-15.) Count I of the Complaint asserts a claim against Equifax pursuant to the FCRA for (1) failing to employ and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report; (2) failing to properly and timely delete inaccurate information from Plaintiff's credit files; and (3) continuing to report inaccurate information. The Complaint also asserts claims against Equifax under state law for defamation (Count II); negligence (Count III); and invasion of privacy/false light (Count IV).

## II. LEGAL STANDARD

Equifax has moved to transfer this action pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "[A] plaintiff's choice of forum should rarely be disturbed." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981). However, a district court with jurisdiction over a case may transfer that case "[w]hen an alternative forum has jurisdiction to hear the case, and when trial in the plaintiff's chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems . . . .'" Windt v. Qwest Commc'ns Int'l, Inc., 529 F.3d 183, 189 (3d Cir. 2008), cert. denied, 129 S. Ct. 927 (2009) (quoting Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947)). The Supreme Court has "provided a list of 'private interest factors' affecting the convenience of the litigants, and a list of 'public interest

2

factors' affecting the convenience of the forum" which we use in determining whether a case should be transferred. Piper Aircraft Co., 454 U.S. at 241 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947)). The factors pertaining to the private interests of the litigants are:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

Gulf Oil, 330 U.S. at 508. The public interest factors are: "administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in 'having the trial of a diversity case in a forum that is at home with the state law that must govern the case'; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." Windt, 529 F.3d at 189 (quoting Gulf Oil, 330 U.S. at 508-09).

When deciding whether to dismiss or transfer an action pursuant to §1404(a), the court first determines "whether an adequate alternative forum can entertain the case." Id. at 190 (footnote omitted). "If such a forum exists, the district court must then determine the appropriate amount of deference to be given the plaintiff's choice of forum. Once the district court has determined the amount of deference due the plaintiff's choice of forum, the district court must balance the relevant public and private interest factors." Id. "If the balance of these factors indicates that trial in the chosen forum would result in oppression or vexation to the defendant out of all proportion to the plaintiff's convenience, the district court may, in its discretion," transfer the case to the other district pursuant to § 1404(a). Id.

The district courts ordinarily give "a strong presumption of convenience . . . in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of the public and private interests clearly favors an alternate forum." Id. (citing Piper Aircraft Co., 454 U.S. at 255.) However, when the plaintiff has not brought the action in his or her home forum, "this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." Piper Aircraft Co., 454 U.S. at 256. Consequently, "[w]hen the plaintiff is not a resident of the chosen forum, he must make a 'strong showing of convenience' in order for his choice to be given deference." Gunder v. CSX Transp., Civ. A. No. 08-6029, 2009 U.S. Dist. LEXIS 58293, at *4 (E.D. Pa. July 9, 2009) (citing Windt, 529 F.3d at 190).

### III. DISCUSSION

We first look at whether there is an available alternate forum where this action could have been brought. "Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." Piper Aircraft Co., 454 U.S. at 255 (quoting Gulf Oil, 330 U.S. at 506-07). Equifax seeks to have this action transferred to the United States District Court for the Northern District of Georgia, where its principal place of business is located. (Fluellen Decl. ¶ 7.) Consequently, venue would be appropriate in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b). Plaintiff does not dispute that this action could have been brought in that forum.

Since there is an available alternate forum, we must "determine the appropriate amount of deference to be given the plaintiff's choice of forum." Windt, 529 F.3d at 190. Plaintiff lives in Rancho Cordova, California (Compl. ¶ 4) and has not brought this action in his home forum. The Complaint does not allege that any of the actions underlying the Plaintiff's claims occurred in this

4

district. Consequently, Plaintiff's choice of forum is accorded less deference, and he must make a "'strong showing of convenience' in order for his choice to be given deference" in our application of the private and public interest factors. Gunder, 2009 U.S. Dist. LEXIS 58293, at *4 (citing Windt, 529 F.3d at 190); Piper Aircraft Co., 454 U.S. at 256. See also Nat'l Paintball Supply v. Cossio, 996 F. Supp. 459, 462-63 (E.D. Pa. 1998) ("A plaintiff's choice of forum, however, is entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based." (citing Jordan v. Delaware & Hudson Ry. Co., 590 F. Supp. 997, 998 (E.D. Pa. 1984); and Schmidt v. Leader Dogs for the Blind, Inc., 544 F. Supp. 42, 47 (E.D. Pa. 1982))); Hardy v. Fernandez, Civ. A. No. 09-1230, 2009 U.S. Dist. LEXIS 72151, at *6 (E.D. Pa. Aug. 17, 2009) (stating that "'where the operative facts giving rise to the action occur outside of the forum selected by the plaintiff, the deference given to plaintiff's choice of forum is somewhat reduced'" (quoting Colantonio v. Hilton Int'l Co., Civ. A. No. 03-1833, 2004 U.S. Dist. LEXIS 15991, at *9-*10 (E.D. Pa. Aug. 13, 2004))).

### A. Private Interest Factors

The key private interest factors in this case are access to sources of proof; availability of compulsory process to compel the attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; and other travel related issues. See Gulf Oil, 330 U.S. at 508. Equifax maintains that the access to sources of proof and cost of attendance of willing witnesses factors favor transfer because both the individual responsible for investigating consumer disputes for Equifax, and all of the records that Equifax maintains with respect to Plaintiff's dispute, are located in Atlanta, Georgia. Alicia Fluellen, Director of Customer Care for Equifax, has submitted a Declaration in support of Defendant's Motion. (Fluellen Decl. ¶¶ 1, 5.) Fluellen, whose job

5

includes investigating and supervising investigations into consumer disputes, states that Equifax's Consumer Center and consumer reporting database are located in Atlanta, Georgia. (Id. ¶¶ 6, 7, 12.) Equifax issues credit reports and other information from the database in Atlanta, Georgia. (Id. ¶ 12.) Any contact that Plaintiff made with Equifax during the time relevant to this case would have been received by Equifax in its Atlanta, Georgia facilities. (Id. ¶ 10.) Any credit file disclosures and responses to Plaintiff's disputes by Equifax would have been issued to Plaintiff in California from Equifax's Atlanta, Georgia location. (Id. ¶ 11.) Equifax has had no contact with Plaintiff in Pennsylvania; did not create, receive or execute any documents relevant to this case in Pennsylvania and maintains no documents relevant to this case in Pennsylvania. (Id. ¶¶ 13-14.) In addition, Equifax does not maintain any offices related to consumer disputes in Pennsylvania. (Id. ¶ 16.)

Equifax also argues that the Northern District of Georgia is a more convenient forum for Plaintiff because Plaintiff's home is slightly closer to Atlanta than it is to Philadelphia, Pennsylvania. According to directions that Equifax obtained from AAA, Atlanta is 2561.1 miles from Rancho Cordova, California, and Philadelphia is 2785.8 miles from Rancho Cordova, California. (Equifax Exs. B, C.)

Plaintiff maintains that Philadelphia is the more convenient forum for this litigation because his third-party witnesses and their documents are located either in this district or in an area within the subpoena power of this court. Plaintiff states that he intends to seek evidence, and compel the attendance of witnesses, from third-parties located in, or within the subpoena power of, this district. For example, he claims that he had a similar dispute with TransUnion, which responded to his dispute from its offices within the Eastern District of Pennsylvania. (Pl. Ex. C.) Plaintiff has also submitted evidence that Chase Bank, in Wilmington, Delaware, denied his credit card application

6

as a result of information provided to it by Equifax. (Pl. Ex. B.) He further states that there are other banks that may possess relevant evidence, or employ individuals who might be witnesses, in Delaware or New York. (Pl. Mem. at 9.) The convenience of witnesses and the location of documents are relevant to our analysis "only to the extent that the witnesses may actually be unavailable for trial in one of the fora" and to the "extent that the files could not be produced in the alternative forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted).

Although Plaintiff would not be able to subpoena these unidentified witnesses to appear at trial in the Northern District of Georgia, "non-party witness testimony can still be introduced at trial via written or videotape deposition testimony." Schoonmaker v. Highmark Blue Cross Blue Shield, Civ. A. No. 09-703, 2009 U.S. Dist. LEXIS 101088, at *11 (E.D. Pa. Oct. 30, 2009). Plaintiff would be able to obtain subpoenas for documents and for the depositions of witnesses located outside of the Northern District of Georgia pursuant to Federal Rule of Civil Procedure 45(a). See Fed. R. Civ. P. 45(a)(2), (3) (providing for the issuance of document and deposition subpoenas in the district in which the documents or witnesses are to be produced and providing that an attorney may issue and sign a subpoena as an officer of the court for the district in which the deposition or document production is to take place if the attorney is "authorized to practice in the district where the action is pending"). Consequently, Plaintiff would be able to obtain documents belonging to third-parties located outside of the Northern District of Georgia and would also be able to procure the testimony of third-party witnesses located outside of that forum.

Having considered the location of Defendant's documents and witnesses, the locations of the third-parties' documents and witnesses Plaintiff intends to subpoena, and the location of Plaintiff,

we find that the private interest factors favor the transfer of this action to the Northern District of Georgia.

B. The Public Interest Factors

The key public interest factors in this case are court congestion; the "'local interest in having localized controversies decided at home'"; having state law claims decided in a forum that is at home with the state law that governs the case; and "the unfairness of burdening citizens in an unrelated forum with jury duty." Windt, 529 F.3d at 189 (quoting Gulf Oil, 330 U.S. at 508-509).

1. Court congestion

The civil dockets of United States District Court for the Northern District of Georgia are less congested than those of this Court. Hardy, 2009 U.S. Dist. LEXIS 72151, at *11. According to the 2008 Judicial Caseload Profile, "there were 1,786 civil actions per judgeship in this District in 2008, while in the United States District Court for the Northern District of Georgia, there were only 480 actions per judgeship in the same year." Id. at *10-*11 (citations omitted). Since the dockets of the United States District Court for the Northern District of Georgia are significantly less congested than the dockets of this Court, we find that the court congestion factor favors transfer of this action to the United States District Court for the Northern District of Georgia.

2. Local Interest in Having Localized Controversies Decided at Home

"This controversy is not 'local' to the Commonwealth of Pennsylvania." Id., 2009 U.S. Dist. LEXIS 72151, at *11. The Complaint does not allege that Equifax took any action with respect to Plaintiff's credit in Pennsylvania. The Complaint also does not allege that Plaintiff was denied credit by any corporation headquartered or incorporated in Pennsylvania. In addition, Equifax has had no contact with Plaintiff in Pennsylvania and did not create, receive or execute any documents relevant

to this case in Pennsylvania. (Fluellen Decl. ¶¶ 13-14.) Moreover, Equifax does not maintain any offices related to consumer disputes in Pennsylvania. (Id. ¶ 16.) Indeed, the only connection that this action appears to have with the Commonwealth of Pennsylvania is the location of Plaintiff's counsel. We do not consider the convenience of counsel in our consideration of a motion to transfer. See Gunder, 2009 U.S. Dist. LEXIS 58293, at *4 (citing Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973)).

The events giving rise to Plaintiff's claims appear to have arisen in Atlanta, Georgia, where Equifax's Consumer Center and consumer reporting database are located. (Id. ¶¶ 7, 12.) Equifax's actions relating to the issuance of credit reports or other information concerning Plaintiff took place in Atlanta. Georgia. (Id. ¶ 12.) Furthermore, Equifax received and responded to Plaintiff's contacts from its Atlanta, Georgia facilities. (Id. ¶¶ 10, 11.) Consequently, Georgia has an interest in having this localized controversy decided in Georgia. We find that this factor strongly favors transfer of this action to the Northern District of Georgia. See Hardy, 2009 U.S. Dist. LEXIS 72151, at *11.

    3.  Interest in having state law claims decided in a forum that is at home with the state law that governs the case

The Complaint asserts three claims brought under state common law: defamation (Count II); negligence (Count III); and invasion of privacy/false light (Count IV). The parties agree that Pennsylvania law would not apply to these claims, but do not take a position as to whether Georgia or California law would apply. (Def. Mem. at 10, Def. Reply Mem. at 6-7; Pl. Mem. at 10-11.) We agree that, since none of the actions underlying Plaintiff's claims took place in Pennsylvania, if there is a conflict between the laws of Pennsylvania, Georgia, and California with respect to these claims, it is unlikely that Pennsylvania law would apply. However, the parties have not asked us to make

9

the final decision as to which state's laws should be applied to Plaintiff's common law claims at this time, and we believe that this determination should be made by the Court to which this matter is transferred. Since we have not analyzed whether Georgia or California law would apply to Plaintiff's common law claims, we conclude that this factor does not favor or disfavor transfer of this action to the Northern District of Georgia.

    4.  <u>The unfairness of burdening citizens in an unrelated forum with jury duty</u>

The Supreme Court has recognized that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." <u>Gulf Oil</u>, 330 U.S. at 508-09. As we have previously noted, the instant action has no relation to the Eastern District of Pennsylvania. Consequently, it would not be in the public interest to subject the citizens of this community to the burdens of jury service in this case. <u>See</u> <u>Windt</u>, 529 F.3d at 193 (concluding that there was little public interest in subjecting the citizens of New Jersey to jury service in a case where there were "no allegations that actions or events occurring in New Jersey gave rise" to the claims in that case, even though two of the defendants were from New Jersey). We conclude, accordingly, that this factor strongly favors the transfer of this action to the Northern District of Georgia.

Having considered the relevant public interest factors: court congestion; having localized controversies decided at home; having state law claims decided in the state whose law governs those claims; and the burden of jury duty, we find that the balance of these factors strongly favors the transfer of this action to the Northern District of Georgia.

## IV. CONCLUSION

For the foregoing reasons, we conclude that Plaintiff's choice of forum is entitled to a low level of deference in this case and that the United States District Court for the Northern District of

Georgia has jurisdiction to hear this case. After balancing the private and public interest factors, we further conclude that keeping this case for trial in this district would establish oppressiveness and vexation to Equifax "out of all proportion to [P]laintiff's convenience" and that this district is inappropriate "because of considerations affecting [this Court's] own administrative and legal problems . . . ." Windt, 529 F.3d at 192 (quotation omitted). We therefore grant Equifax's Motion to Transfer Venue to the Northern District of Georgia.

An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.
